TILLMAN PEARSON, Judge
(concurring in part, dissenting in part).
The holding of the majority, as I understand it, is that the county judge was without jurisdiction to determine the right of dower, because there were issues involving title to the testator’s property which were raised by strangers to the estate who were not claiming under the will. I would hold that the county judge has jurisdiction to determine the right of dower, but I agree that he does not have jurisdiction to determine the claim of title raised by the strangers to the estate. I would affirm the trial judge because this is exactly what he held. I would reverse only that portion of the order which directs the lienor to deliver the personal property to the widow.
In order to present my conclusion, it is necessary to restate the history of the case to show how the claim of the strangers to-the estate was presented to the trial judge. On October 4, 1963, the widow filed her election to take dower, and subsequently her petition for assignment of dower. After hearing the county judge entered an order assigning dower which is in part as follows:
“CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that:
“1. Mary E. Coffey, Widow of Harry E. Coffey, deceased, is entitled to> Dower in said Estate.
“2. That Judgment, Allotment and Award of Dower is herewith entered in favor of said Widow, Mary E. Coffey, in each and every item and parcel of property owned by the deceased at the time of his death as delineated in the Inventory of Assets of the Estate filed herein, to-wit, one-third (1/3) of each of the following:”
******
[Here followed a list of assets including the personal property claimed by appellants.]
*573 ******
“4. The said co-executors and all parties having possession of any of the items or parcels constituting the inventory of the Estate at the time of the death of Harry E. Coffey, are herewith directed to comply with this Judgment for Dower and Award and Allotment of Dower, and to pay over and/or deliver over unto Mary E. Coffey, Widow, the said items and parcels of property determined herein as her Judgment, Allotment, and Award of Dower.”
Appellants petitioned the court for a rehearing and also filed a “Supplement to Petition for Rehearing.” The substance of the petitions was a prayer that the court enter its order to the effect that the appellants not be required to pay over or to deliver to the widow the pledged debenture bonds.
On March 4, 1964, the court entered its order denying the petition for rehearing. This order sets forth the position of the county judge upon the question of the extent of his jurisdiction in the assignment of dower. It is in part as follows:
“On 28 January 1964, S. J. HAL-PERIN and S. ROBERT SIEGEL, as petitioners, filed a Petition for Rehearing on the Petition for Judgment of Dower and Order Assigning Dower aforesaid, and on the 8th day of February, 1964, filed a supplement to said Petition for Rehearing.
“The matter came on for hearing before the court upon the Petition for Rehearing and the supplement thereto, and the court has heard the evidence adduced before the court by the petitioners, has considered the brief of the petitioners filed herein, and now being fully advised in the premises, the court finds:
“The Petition for Rehearing addresses itself to that portion of the judgment of dower relating to 225 Bonds, being First Serial Debenture of Imperial Apartment Hotel, Inc., A Florida Corporation, said bonds having a par value of $1,000 each. The judgment for dower aforesaid awarded dower in said 225 Bonds of Imperial Apartment Hotel, Inc., together with one-third of any dividends of accruals thereon. The judgment for dower further ordered all parties having possession of any of the items or parcels in which dower had thus been awarded to-pay over and deliver the same unto MARY E. COFFEY, the widow, such-portion thereof as was determined to-be hers, absolutely or in fee simple by way of dower.
“It was alleged in the petition for assignment of dower and in the inventories filed in the estate of the decedent that HARRY E. COFFEY died owning 225 Bonds, being First Serial Debentures of Imperial Apartment Hotel, Inc., a Florida Corporation, of $1,-000 par value each. The petitioners here do not deny that HARRY E. COFFEY died owning said debentures,, but claim that 200 of the same had been pledged by the decedent with them to secure a loan to the decedent of $100,000; that the petitioners had filed a claim against the estate of the decedent for the aforesaid indebtedness of the decedent to them; that the debt was evidenced by Promissory Note signed by the decedent and secured by a pledge of the debenture bonds aforesaid ; that the 200 debenture bonds had been sold at collateral sale during the course of administration of the decedent’s estate and had been purchased at such collateral sale by the petitioners, ’ and MARY E. COFFEY, as-widow of the decedent, should not have been awarded dower in said debenture bonds. The issue of whether or not dower should be awarded in a pledge asset having been raised by the petitioners, the court offered full opportunity to petitioners to show that the *574 widow was a party to the pledge or that she agreed to the pledge, or that she acquiesced in the pledge, or that she participated in the obtaining of the loan to the extent that she should now be estopped from claiming dower in the pledged asset, and that her right to dower is subordinate to the claim of the creditors, the petitioners here. The Court finds that upon the testimony adduced by the petitioners, there has been no testimony offered that the widow was a party to the pledge agreement; that she joined in the pledge agreement; that she had any knowledge of the pledge agreement; that she acquiesced in the pledge agreement; or that she participated in the obtaining of the loan in such a manner that she should now be charged with knowledge and estopped from a claim of dower in the pledged assets, or that her claim of dower be subject to tire various rights of the creditors in the pledged assets. The court finds that this is a simple election to take dower by surviving widow and a petition for the assignment of her dower in kind in the assets of the decedent admittedly owned by him at the time of his death. That is all that this court purported to do by its judgment of dower of 20 January 1964.
“By way of clarification of Paragraph 4 of the judgment and award of •dower, if clarification be needed, it was the clear intention and order of this court that all persons having possession of assets of the decedent’s estate awarded to the widow in dower, turn over the same to her as her absolute and fee simple estate; that by such order this court did not and does not attempt to determine any right or claim or demands of any third party to any of the assets owned by the decedent at the time of his death that might be adversely claimed. This court enjoys no jurisdiction or power to determine the validity of contracts, the effect of assignments, the effect of pledges, or the rights of such claimants, none of which said matters are within the purview or jurisdiction of the County Judge’s Court and none of which are embraced in an award of dower to a decedent’s widow of the assets owned by him at the time of his death.”
It is my view that the county judge has correctly defined the scope of his power and that such a holding is in accord with all the authorities cited in the majority opinion.
This view, which must rely ultimately upon the Constitution and the statutes, is buttressed by the fact that § 731.34, Fla. Stat., F.S.A. grants dower of “ * * * one third part absolutely of the personal property owned by her husband at the time of his death * * [Emphasis supplied.] The statute therefore calls for the determination by the county judge that the personal property was owned by the deceased at the time of his death. The fact that the deceased owned the bonds at the time of his death seems to be admitted. That is the extent of the County Judge’s determination; he does not attempt to determine the validity of the lien or the subsequent sale.